**THIRD DIVISION**
**MILLER, P. J. AND MCFADDEN, P. J.,**
**MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 24, 2018**

# In the Court of Appeals of Georgia

A16A0638.  COLUMBUS, GEORGIA BOARD OF TAX
ASSESSORS et al. v. MEDICAL CENTER HOSPITAL
AUTHORITY.

McFADDEN, Presiding Judge.

This case concerns a tax board's appeal of a ruling exempting property from ad valorem taxation. In *Columbus, Ga. Bd. of Tax Assessors v. Med. Center Hosp. Auth.*, 338 Ga. App. 302 (788 SE2d 879) (2016), we affirmed (in Case No. A16A0638) the trial court's grant of summary judgment to the Medical Center Hospital Authority in its declaratory judgment action. We ruled that the Medical Center's leasehold interest in a continuing care retirement facility was exempt from ad valorem taxation under OCGA § 48-5-41 (a) (1) (A), the public property exemption, reasoning that earlier superior court bond validation orders controlled the issue of whether the property furthered a legitimate function of the hospital authority.

*Columbus, Ga. Bd. of Tax Assessors*, 338 Ga. App. at 307 (2) (b). Our earlier opinion also addressed a cross-appeal brought by the Hospital Authority (Case No. A16A0639) in which the Hospital Authority asserted an alternative argument for the exemption of the property from taxation. Id. at 308 (3).

The tax board sought and our Supreme Court granted certiorari to review our decision in Case No. A16A0638, and in *Columbus Bd. of Tax Assessors v. Med. Center Hosp. Auth.*, 302 Ga. 358 (806 SE2d 525) (2017), our Supreme Court reversed, holding that the earlier bond validation proceedings did not conclusively determine for purposes of OCGA § 48-5-41 (a) (1) (A) that the leasehold interest at issue is public property exempt from ad valorem taxation. *Columbus Bd. of Tax Assessors*, supra, at 362-363. The Supreme Court remanded the case for further proceedings, directing the superior court to "review all submitted record materials in support of and opposing the motion [for summary judgment] in order to determine whether a genuine issue of material fact existed as to the ad valorem tax exemption." Id. at 363, n. 6 (2).

The Hospital Authority did not seek certiorari of our opinion in Case No. A16A0639, and on July 7, 2016, we returned a remittitur on that case to the trial court. Because the Supreme Court did not grant certiorari on the question of whether

the Hospital Authority is entitled to an exemption on another ground, it did not review that issue in its resolution of Case No. A16A0638. See *Columbus Bd. of Tax Assessors*, 302 Ga. at 359, n. 1.

We therefore vacate our previous opinion, adopt the decision of the Supreme Court as our own, vacate the superior court's judgment that the Hospital Authority is entitled to a public-property exemption, and remand the case for proceedings consistent with the opinion of the Supreme Court. We observe that neither the Supreme Court nor this Court has ruled on the Hospital Authority's argument that it is entitled to an exemption on another ground, so the Hospital Authority is entitled to raise that argument again. Cf. OCGA § 9-11-60 (h).

*Judgment vacated and case remanded with direction. Miller, P.J., and McMillian, J., concur.*